UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER KLUNDT, et al.

No. 22 CR 15

Judge Manish S. Shah

**SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY**

Upon the motion of Defendant Christopher Klundt, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED that the operative "Protective Order Governing Discovery" (Dkt. 26) is hereby supplemented as follows:

1.      Nonparties that produce documents or other evidence in this litigation may designate those materials as Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing nonparty that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the nonparty has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

2.      A nonparty may designate a document or other information as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

3.  With the exception of the authorized use of materials in the parallel SEC lawsuit, defendants and defendants' counsel shall not disclose Confidential Information or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials or Confidential Information as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4.  Defendants, defendants' counsel, and authorized persons shall not disclose any

notes or records of any kind that they make in relation to the contents of the materials or Confidential Information, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials or Confidential Information.

5.      Upon conclusion of all stages of this case, all of the Confidential Information and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Confidential Information may be (1) destroyed; (2) returned to the third-party who produced Confidential Information; or (3) retained in the government or defense counsel's case file. The Court may require a certification as to the disposition of any such Confidential Information. In the event that Confidential Information is retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the Confidential Information may not be disseminated or used in connection with any other matter without further order of the Court.

6.      The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit the government or defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses Confidential Information shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

7.      Nothing contained in this Order shall preclude any party or nonparty from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

MANISH S. SHAH
District Court Judge
United States District Court Northern
District of Illinois

Date:   November 21, 2022